# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:20-CV-00236-RJC-DSC

| | |
|---|---|
| MICHAEL J. SPIGNER and CYNTHIA L. SPIGNER, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | )<br>) |
| KNIGHT TRANSPORTATION INC. AND KNIGHT-SWIFT TRANSPORTATION HOLDINGS INC. et. al., | )<br>)<br>)<br>)<br>)<br>) |
| Defendants. | ) |

## MEMORANDUM AND RECOMMENDATION AND ORDER

**THIS MATTER** is before the Court on Defendants' Motion to Dismiss for Lack of Jurisdiction filed April 27, 2020. Doc 9. This Motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1). Having fully considered the arguments, the record, and the applicable authority, the undersigned respectfully recommends that Defendants' Motion to Dismiss be <u>denied in part</u> and <u>denied administratively without prejudice in part</u>.

### I. PROCEDURAL AND FACTUAL BACKGROUND

This is an action seeking damages for state law negligence claims. Accepting the factual allegations of the Complaint as true, on February 18, 2019 at 9:14 p.m., Plaintiff Michael J. Spigner parked his 2009 Freightliner tractor-trailer directly behind a 2015 Freightliner tractor-trailer at Love's Travel Stop #308 in Marion, North Carolina. Spigner was conducting a post trip inspection

of his 2009 Freightliner, standing between the front of his truck and the rear of the parked 2015 Freightliner.

Defendant Christopher E. Dodds, an employee of Defendant Knight Refrigerated LLC., was operating a 2015 Volvo tractor-trailer owned by Knight Refrigerated LLC. Suddenly, Dodds sharply turned his truck causing it to strike Plaintiff's truck. The force of the impact pushed the front of Plaintiff's truck into the rear of the 2015 Freightliner, crushing and pinning him between the two vehicles. Plaintiff suffered significant injuries.

Plaintiff and his wife bring negligence claims against Dodds and the corporate entities. He seeks damages for his pelvic fracture, anxiety, depression, memory loss, headaches, back pain, neck pain, inability to stand or walk for long periods of time, loss of earning capacity and other injuries. His wife seeks damages for loss of consortium.

Plaintiffs are citizens of South Carolina. Defendant Dodds is a citizen of Tennessee. Defendants Knight Refrigerated LLC, Knight Transportation Inc., and Knight-Swift Transportation Holdings Inc. were all incorporated in Delaware and have their principle place of business in Phoenix, Arizona. Plaintiffs allege that Knight Refrigerated LLC, Knight Transportation Inc., and Knight-Swift Transportation Holdings Inc. each have systematic and continuous contacts with the State of North Carolina. Plaintiffs also allege that these entities operate a truck terminal located at 7001 Statesville Road in Charlotte, North Carolina.

On March 3, 2020, Plaintiffs filed this action in Mecklenburg County Superior Court. On April 20, 2020, Defendants filed their Notice of Removal to this Court alleging diversity subject matter jurisdiction. Doc. 1. Defendants Knight Transportation Inc. and Knight-Swift Transportation Holdings Inc. move to dismiss the Complaint for lack of subject matter jurisdiction

under Federal Rule of Civil Procedure 12(b)(1). Defendant Knight-Swift Transportation Holdings Inc. also moves to dismiss the Complaint for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2).

## II. DISCUSSION

### A. Subject Matter Jurisdiction

A defendant may remove a case to federal district court if the court has original jurisdiction. 28 U.S.C. § 1441; Dixon v. Coburg Dairy, 369 F.3d 811, 816 (4th Cir. 2004). A case falls within the district court's diversity jurisdiction only if diversity of citizenship among the parties is complete and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a); Carden v. Arkoma Associates, 494 U.S. 185, 187 (1990); Strawbridge v. Curtiss, 3 Cranch 267 (1806).

When jurisdiction is predicated upon diversity of citizenship and the complaint does not allege a specific amount of damages but instead seeks "in excess" of a certain dollar amount, the party asserting jurisdiction must prove by a preponderance of the evidence that the amount in controversy requirement has been met. 28 U.S.C. §1446(c)(2)(A); Momin v. Maggiemoo's International L.L.C., 205 F. Supp. 2d 506, 509 (D. Md. 2002); Gwyn v. Wal-mart Stores, 955 F. Supp. 44, 46 (M.D.N.C. 1996). When a plaintiff's claims arise from a single controversy, it is appropriate to aggregate those claims to meet the jurisdictional amount. Griffin v. Red Run Lodge, Inc., 610 F.2d 1198, 1204 (4th Cir. 1979). The district court should also consider attorneys' fees that the defendant might be ordered to pay. Momin, 205 F. Supp. 2d at 509 (stating that if a state statute that is the basis for plaintiff's underlying claim provides for recovery of attorneys' fees, such fees are included in the amount in controversy).

The Complaint alleges that Plaintiffs are citizens of South Carolina and Defendant Dodds is a citizen of Tennessee. Knight Refrigerated LLC, Knight Transportation Inc., and Knight-Swift

Transportation Holdings Inc. are incorporated in Delaware with their principle place of business in Arizona. There is complete diversity between the parties.

Plaintiffs allege that they are each entitled to damages "in excess of $25,000." Doc. 1. Their aggregated damages claims seek more than the jurisdictional amount of at least $75,000.

In the memorandum in support of their motion to dismiss, Defendants allege that "the jurisdictional allegations of the complaint are false." They fail to provide any basis for this allegation. Doc. 10.

Therefore, Plaintiffs' Complaint adequately alleges diversity subject matter jurisdiction. For the above reasons, the undersigned respectfully recommends that Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction be <u>denied</u>.

### B. Personal Jurisdiction

A plaintiff bears the burden of proving by a preponderance of the evidence that the Court has personal jurisdiction over a defendant. <u>New Wellington Fin. Corp. v. Flagship Resort Dev. Corp., 416 F.3d 290, 294 (4th Cir.2005)</u>. District courts have broad discretion to allow jurisdictional discovery under Rule 26 of the Federal Rules of Civil Procedure. <u>Mylan Labs., Inc. v. Akzo, N.V.</u>, 2 F.3d 56, 64 (4th Cir. 2003).

The Court may order discovery directed at jurisdictional issues alone. <u>See e.g.</u>, <u>360 Mortg. Grp., LLC v. Stonegate Mortg. Corp.</u>, No. 5:14-CV-310-F, 2015 WL 2408273, at *1 (E.D.N.C. May 20, 2015) (noting that after case was removed "on the basis of diversity jurisdiction, . . . the parties engaged in jurisdictional discovery"); <u>Indiantown Cogeneration, L.P. v. Century Coal, LLC</u>, Civ. A. No. 3:09CV398, 2011 WL 3682778, at *1 (W.D.N.C. Aug. 23, 2011) (granting plaintiff's motion to remand and stating that "Indiantown contends that Century's Notice of Removal and subsequent jurisdictional discovery fail to establish complete diversity"); <u>Sun Yung Lee v. Clarendon</u>, 453 F. App'x 270, 273 (4th Cir. 2011) (noting that parties engaged in jurisdictional discovery prior to "consideration of Lee's motion to remand"); <u>see also</u> <u>SAS Institute Inc. v. World Programming Ltd.</u>, 2011 WL 1059139, *5-*7 (E.D.N.C. Mar. 18, 2011)

(allowing jurisdictional discovery and finding that such discovery should be allowed "unless plaintiff's claim appears to be clearly frivolous") (quoting Rich v. KIS California, Inc., 121 F.R.D. 254, 259 (M.D.N.C. 1988) (allowing jurisdictional discovery) and citing 4 J. MOORE, J. LUCAS, & G. GROTHER, MOORE'S FEDERAL PRACTICE, § 26.56(6) (2d ed. 1987)); Howard Acquisitions, LLC v. Giannasca New Orleans, LLC, 2010 WL 889551 at *7 (D. Md. Mar. 5, 2010) (allowing jurisdictional discovery).

Applying those legal principles, the Court concludes that the parties are entitled to conduct limited discovery pertaining to personal jurisdiction. The relevant facts as to Knight-Swift Transportation Holdings Inc.'s contacts with North Carolina are disputed here but should be clarified with limited discovery. Accordingly, the Court respectfully recommends that Defendant Knight-Swift Transportation Holdings Inc.'s Motion to Dismiss for Lack of Personal Jurisdiction be denied administratively without prejudice to its right to renew the Motion following completion of limited jurisdictional discovery.

### III. ORDER

IT IS ORDERED that the parties shall conduct limited jurisdictional discovery with a deadline of ninety days. Discovery shall be confined to the issue of personal jurisdiction as to Defendant Knight-Swift Transportation Holdings Inc.

### IV. RECOMMENDATION

FOR THE FOREGOING REASONS, the undersigned respectfully recommends that "Defendants Knight Transportation Inc. and Knight Swift Transportation Holdings Inc.'s Motion to Dismiss," Doc. 9, be DENIED IN PART and DENIED ADMINISTRATIVELY WITHOUT PREJUDICE IN PART; that is, DENIED as to subject matter jurisdiction and DENIED ADMINISTRATIVELY WITHOUT PREJUDICE as to personal jurisdiction.

### V. NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. § 636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen days after service of same. Failure to file objections to this Memorandum with the District Court constitutes a waiver of the right to de novo review by the District Judge. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989). Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140, 147 (1985); Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Wells, 109 F.3d at 201; Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Order to counsel for the parties and to the Honorable Robert J. Conrad, Jr..

**SO ORDERED**.

Signed: June 20, 2020

David S. Cayer
United States Magistrate Judge